# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL DERRICK EDWARDS,** | ) CASE NO. 7:20CV00095 |
| ) | |
| **Plaintiff,** | ) |
| v. | ) MEMORANDUM OPINION |
| ) | |
| **J. LAMBERT, ET AL.,** | ) By: Hon. Glen E. Conrad |
| ) Senior United States District Judge | |
| **Defendants.** | ) |

Plaintiff Michael Derrick Edwards, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983,[1] alleging that the defendants used excessive force against him on one occasion and/or retaliated against him for filing a complaint about that incident. The defendants have filed a motion for partial summary judgment on the ground that Edwards failed to exhaust available administrative remedies as to his retaliation claims, in violation of 42 U.S.C. § 1997e(a). After review of the record, the court concludes that the defendant's motion for partial summary judgment must be granted as to the retaliation claims. The separate claim of excessive force will go forward to trial.

## I. BACKGROUND.

Edwards is an inmate at Red Onion State Prison ("Red Onion"), operated by the Virginia Department of Corrections ("VDOC"). His § 1983 complaint sues Lieutenant J. Lambert, Sergeant K. Eldridge, and Correctional Officer J. Puckett, alleging these claims for relief:

1. On May 31, 2019, Lambert used excessive force and committed assault and battery against Edwards when he slammed Edwards' tray slot door on his hand;

---

[1] The court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. See United States v. Marshall, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

2. On July 11, 2019, Lambert, Puckett, and Eldridge threatened that if Edwards did not withdraw a grievance asserting that Lambert had slammed the tray slot on his hand on May 31, 2019, that Edwards' cell would be searched; Edwards refused, and Eldridge and Puckett conducted a shakedown of Edwards' cell on July 11, 2019, in retaliation for Edwards' grievance about Lambert.

3. On July 11, 2019, by Lambert's order, Puckett filed a false disciplinary charge against Edwards in retaliation for not withdrawing his grievance about Lambert; the charge asserted that Edwards had not turned in his razor and had hidden the razor head in the shower drain; the hearing officer later dismissed the charge.

The defendants concede that Edwards fully exhausted administrative remedies as to his excessive force claim against Lambert. They argue that Edwards failed to properly exhaust administrative remedies as to Claims (2) and (3), alleging retaliation. In support of their summary judgment motion, the defendants offer an affidavit from T. Trapp, Interim Human Rights Advocate at Red Onion. Edwards has responded, making the matter ripe for disposition.

II. DISCUSSION.

The Prison Litigation Reform Act provides in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the facility provides to prisoners and meet all deadlines within that procedure before filing his § 1983 action. See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006)

(finding inmate's untimely grievance was not "proper exhaustion" of available administrative remedies under § 1997e(a)).

VDOC Operating Procedure ("OP") § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints. See gen. Trapp Aff. Encl. A, ECF 22-1. This procedure requires that, before submitting a formal grievance, an inmate must demonstrate that he has made a good faith effort to resolve a grievance informally, usually by submitting an informal complaint form to the appropriate department head. Prison staff must respond to an informal complaint within fifteen calendar days. If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out and submitting a regular grievance form within thirty calendar days from the date of the incident, and attaching the informal complaint form and response.

A regular grievance that meets the criteria for acceptance, such as timeliness, is logged in on the day it is received. If the grievance does not meet the criteria for acceptance, prison officials complete the "intake" section of the grievance, marking the reason for the rejection, and return the grievance to the inmate, with instructions on how to correct and resubmit it, if possible. If the inmate desires a review of the intake decision, he must send the grievance form to the Regional Ombudsman within five calendar days. However, pursuing that intake appeal alone does not constitute exhaustion. Trapp Aff. at ¶7. Rather, to satisfy the exhaustion requirement, a regular grievance must be accepted into the grievance process and be appealed through the highest eligible level of review. OP 866.1(IV)(O).

Edwards submitted informal complaint, Log No. ROSP-19-INF-01386, dated July 11, 2019, complaining that Lambert came to his cell that day and threatened him with a shakedown of his cell and a false disciplinary charge if Edwards did not withdraw an informal complaint that he

had filed; Puckett also told him to withdraw the informal complaint; Edwards refused; and Puckett and Eldridge handcuffed him and placed a false disciplinary charge against him. Unit Manager Collins responded to the informal complaint on August 2, 2019: "[I] investigated all allegations. No information was gathered to substantiate any claims. Therefore, this claim is considered unfounded at this time." Trapp Aff. Encl. B, ECF No. 22-1.

Edwards submitted informal complaint, Log No. ROSP-19-INF-01432, dated July 18, 2019, complaining that on July 11, 2019, Lambert came to his cell and threatened to shakedown his cell and place a false disciplinary charge against Edwards if he did not withdraw an informal complaint about Lambert's alleged assault on May 31, 2019; Puckett also told Edwards to withdraw the informal complaint; after Edwards refused, Puckett and Eldridge handcuffed him, shook down his cell, and placed a false disciplinary charge against him. On August 1, 2019, Lambert responded to Edwards' informal complaint: "Repetitive issues. This issue has already been addressed." Trapp Aff. Encl. C, ECF No. 22-1

Edwards submitted a regular grievance dated August 5, 2019, complaining that on July 11, 2019, Lambert came to his cell and threatened to shakedown his cell and give him a false disciplinary charge if he did not withdraw an informal complaint against Lambert; Puckett told him to withdraw the informal complaint; Edwards refused; Puckett and Eldridge handcuffed him, shook down his cell, and placed a false disciplinary charge against him. Edwards' August 5, 2019, regular grievance was date stamped received in the Grievance Office on August 8, 2019. Jennifer Messer, Human Rights Advocate, did not accept the grievance or assign it a log number during the intake process, because Edwards' grievance contained more than one issue. She returned it to Edwards the same day. On the back of the form, she checked the "more than one issue" box, wrote

"Charge or Shakedown?" and advised Edwards to "resubmit with only one issue." Trapp Aff. Encl. D, ECF No. 22-1.

Edwards alleges that he resubmitted the same regular grievance later on August 8, 2019, writing in parentheses that the intake decision was incorrect, that the grievance raised only one issue—retaliation—with two results, the shakedown and the charge. Messer returned the regular grievance to him again, with the same note on the back, instructing him to resubmit the document raising only one of the two issues—shakedown or charge.

It is undisputed that Edwards did not reword and resubmit his regular grievance to address only one of these issues—charge or shakedown—as instructed by Messer. Instead, Edwards appealed Messer's intake decision by mailing his regular grievance to the regional ombudsman. On August 20, 2019, the ombudsman upheld the intake decision. There is no further appeal from an intake decision.

The defendants contend that because Edwards failed to file a properly formatted regular grievance about his retaliation claims, and did not pursue Level I and Level II responses to those claims, he did not exhaust available administrative remedies. The defendants bear the burden of proving the affirmative defense that Edwards failed to exhaust available administrative remedies regarding his claims before filing suit. Jones, 549 U.S. at 216. They have done so. Edwards may still escape summary judgment under § 1997e(a) if he shows that administrative remedies were not available to him. An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Edwards first argues that he properly formulated his regular grievance raising only one issue—retaliation for his refusal to withdraw the informal complaint about Lambert. He argues

5

that Messer's interpretation of his grievance as raising two issues (shakedown or charge) made the remedy unavailable to him.  This argument fails, because Messer offered Edwards the option to resubmit his regular grievance to include only one of the issues, shakedown or charge.  He could easily have done so within the procedure's time limit and could also have filed a second, timely regular grievance to complain about the other alleged retaliatory action as well.  Edwards' refusal to follow Messer's instructions did not make the regular grievance remedy unavailable to him.

Edwards asserts that under OP 866.1, disciplinary charges are not grievable, making one option that Messer proposed unavailable.  He is mistaken.  OP 866.1(IV)(M)(2)(a) indicates that "[d]isciplinary hearing decisions, penalties and/or procedural errors" are not grievable, because these matters may be addressed through appeals under the separate disciplinary procedure.  Edwards' grievance did not challenge any of these aspects of the disciplinary process, however.  Rather, his grievance asserted that the officers <u>brought</u> the disciplinary charge to retaliate against him for pursuing his informal complaint against Lambert.  Messer's response to the regular grievance indicates that Edwards could have raised this retaliatory charge claim in a regular grievance, had he limited its contents only to that claim, rather than also complaining about the cell shakedown.  Edwards failed to follow Messer's instruction to resubmit his regular grievance to focus on one of these two retaliatory actions.  Thus, he fails to show that the regular grievance remedy (and subsequent appeals) were unavailable to him.

Finally, Edwards' decision to pursue an appeal of the intake decision, instead of reformulating his regular grievance, did not substitute for exhaustion of the regular grievance process and appeals.  Trapp Aff. at ¶ 7; OP 866.1(IV)(O).  Because these remedies were clearly available to Edwards, and he simply chose not to utilize them properly as Messer had instructed him, Edwards failed to comply with § 1997e(a) as to his retaliation claims.

III.  CONCLUSION.

For the stated reasons, the court will grant the defendants' motion for partial summary judgment under § 1997e(a) as to Edwards' Claims (2) and (3), alleging retaliation by Lambert, Puckett, and Eldridge.  Because the court finds it clear from the record that Edwards no longer has an available administrative remedy regarding these unexhausted claims, the court will dismiss them with prejudice.  Edwards' excessive force claim against Lambert will go forward to trial.  An appropriate order will issue this day.

The clerk will send copies of this memorandum opinion and the accompanying order to the plaintiff and to counsel of record for the defendants.

**ENTER**:  This __2nd__ day of March, 2021.

_____
Senior United States District Judge